# United States District Court
## for the
## Western District of New York



FILED
MAY 11 2010
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. 10-MJ-585 |
| JIE LIN, DAI LI ZHUO, ZUYIN ZHOU | ) |
| _Defendants_ | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about and between the dates of  March 2010 to April 2010  in the county of  Monroe  in the Western District of New York and elsewhere, the defendants violated    18    U.S.C. §§ 1029(a) and (b)(2) and (2) , offenses described as follows:

knowingly, and with intent to defraud, using unauthorized access devices, aiding and abetting such use, and conspiring to do same

This criminal complaint is based on these facts:

**SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT JOEL BLACKERBY**

_Complainant's signature_

SPECIAL AGENT JOEL BLACKERBY,
UNITED STATES SECRET SERVICE

Sworn to before me and signed in my presence.

Date: May 11, 2010

_Judge's signature_

City and State:  ROCHESTER, NEW YORK        HON. JONATHAN W. FELDMAN, U.S.M.J.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -v-

JIE LIN,
DAI LI ZHUO,
ZUYIN ZHOU,

    Defendants

AFFIDAVIT

10 MJ 585

---

State of New York)
County of Monroe)   ss:
City of Rochester)

    I, Joel D. Blackerby, being duly sworn, state as follows:

    1.   I am a Special Agent of the United States Secret Service, and have been so employed since January 1996. I am assigned to the Rochester Resident Agency, where my duties include the investigation of crimes involving financial institutions, including bank fraud, Identity Theft, access device fraud as well as crimes involving the uttering of counterfeited securities of the United States or private entities.

    2.   As part of my current duties, I am conducting an investigation of suspected violations of Title 18, United States Code, Section 1029 (Fraud related to Access Devices) and Section

2.

3. This affidavit is submitted in support of a criminal complaint charging JIE LIN, DAI LI ZHUO and ZUYIN ZHOU with fraudulently using access devices, aiding and abetting such use and conspiring to do same in violation of Title 18, United States Code, Section 1029(a) and (b)(2) (Fraud Related to Access Devices).

4. The information contained within this affidavit is based upon information I have gathered from my investigation, my personal observations, my training and experience and/or information relayed to me by other law enforcement officers and/or agents. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only facts that I believe are necessary to establish probable cause to believe that Title 18, United States Code, Section 1029 has been violated.

5. Access device cards, also known as credit cards and gift cards, become fraudulent when the electronic strip is encoded with unauthorized valid credit card information. Valid credit card numbers are captured electronically without the consent or knowledge of a customer via a skimmer. A skimmer is an

electronic device which captures the information stored in the magnetic strip of any card or access device run through it. This valid information is then sold to the highest bidder. At this time the valid card information is uploaded to the credit card or gift card via a reverse skimmer attached to a computer. Once the electronic strip attached to the back of the credit card or gift card is encoded it can be used anywhere without the consent or knowledge of the valid card holder. Additionally, legitimate gift cards can be purchased with fraudulently obtained credit card information and thereafter those gift cards are by all appearances perfectly legitimate.

6. This investigation was initiated on April 1, 2010. On this date, Jeff Kuczynski, store manager for the Wegmans Grocery store at 650 Hylan Drive, Henrietta, NY, recognized an adult Asian male customer inside the store as the same person identified in a Wegmans Loss prevention bulletin. The bulletin had been issued on the basis of a Homeland Security bulletin looking for the same adult Asian male. Both bulletins contained a photograph of the Asian male and advised that the male was wanted for questioning for utilizing fraudulent gift cards and credit cards to make purchases at various grocery stores in the northeast United States. This male has been subsequently identified as defendant ZUYIN ZHOU. Kuczynski's attention was

3

drawn to ZHOU when ZHOU attempted to use a fraudulent gift card at the store.

7. Upon notification to Wegmans loss prevention, a call to Monroe County 911 emergency services was placed. Kuczynski attempted to detain ZUYIN ZHOU until police arrived, but ZHOU became visibly upset, evaded Kuczynski and left the store quickly. Kuczynski followed ZHOU from the store and observed him enter the rear passenger side of a white Mercedes Benz SUV, bearing NY registration EXG-2376. Kuczynski also stated that the SUV was being driven by an adult Asian male (later identified as defendant DAI LI ZHOU) and an adult Asian female was in the front passenger seat (later identified as defendant JIE LIN).

8. Responding Monroe County Sheriff's Deputy Fantanza located the Mercedes Benz heading west bound on Jefferson road from East Henrietta road and stopped the car containing the three defendants. Upon interviewing the occupants and asking for identification and registration for the vehicle, the deputy learned that none of the three could produce proof of ownership of the car nor could they state who the vehicle belonged to. Additionally, none of the three occupants could produce any valid United States identification. All three were subsequently taken into custody by the U.S. Border Patrol until proper

identification and country of residency could be determined. It has since been determined that the two male defendants (ZHUO and ZHOU) were in the United States illegally. The female (JIE LIN) has been determined to be a Canadian citizen, but who also has provided no valid identification.

9. The Monroe County Sheriff's Department conducted an inventory search prior to impounding the Mercedes as per their standard operating procedures. Upon this search, approximately 14 "Marlboro" cigarette packs were found in the rear passenger compartment of the vehicle. Approximately 25 gift cards were found concealed inside each cigarette pack for a total of 357 gift cards. When searching for identification on the adult Asian female (defendant JIE LIN) an additional 11 gift cards and one credit card not in her name were located inside her wallet. The cards in the wallet have been accurately tied to purchases made at Wegmans Grocery, Rite Aide and Walmart all located in Rochester, NY on April 1st, 2010, for a total of $3,285.04.

10. Furthermore, on April 2, 2010, the day after the defendant's arrest, a concerned citizen turned over to the Monroe County Sheriff's Office 28 additional gift cards which the concerned citizen had observed being thrown from the Mercedes just prior to it being pulled over on the traffic stop.

11. Further research with Visa, MasterCard and American Express revealed 90 of the access devices (cards) seized from the Mercedes Benz, from the defendant Lin and/or from the concerned citizen who observed the cards being thrown from the Mercedes have been fraudulently utilized in various other states. The total dollar accrual loss on these access devices has yet to be determined, but it is estimated to be in the hundreds of thousands of dollars.

12. On April 6, 2010, a federal search warrant was executed on the aforementioned Mercedes Benz. Within the vehicle the following items were located:

   A. 357 access device cards, 90 of which have been encoded with fraudulently obtained credit card information from unsuspecting victims. The rest of the cards are gift cards which were fraudulently obtained and/or stolen and which are yet to be encoded.

   B. three GPS devices, Garmin NUVI serial number 1NV059137, PDTALK serial number 9083000244 and PDTALK 9083000644.

   C. 11 log books, 5 of which contain information relating to prior usage of fraudulent cards. These log books contain handwritten information setting forth the dates of purchase (ranging from January 5 to April 1), the last three or four digits of the particular card used, the number of separate

6

purchases made with the particular card, and a code for the commercial establishments where the card was used, indicated by two to four letter abbreviations (e.g., "WM" for Wal-Mart, "RA" for Rite Aid, "WS" for Wegmans, etc.). Significantly, the log books also identified the area code for the area where the purchases were made. These area codes range from Maine down the east coast of the United States and as far south as South Carolina and throughout the state of New York.

13. In the Mercedes Benz, police also located an E-Z Pass device. Records for the device were subpoenaed and show that the device was in areas from Massachusetts to Maryland and in New York State, which areas correspond directly in time to the area codes identified in the log book. (The toll plaza furthest south identified by the E-Z Pass records was the Fort McHenry Tunnel in Baltimore, MD. This is the last toll plaza on I-95 southbound, which explains why there are no further E-Z pass entries corresponding to the area codes from Virginia and South Carolina referenced in the log books.)

14. After completion of the search warrant, contact was made with American Express, MasterCard and Visa card services. All gift card numbers were provided to these companies. American Express and MasterCard have responded. Based on the information

provided, 90 of these gift access cards had been utilized fraudulently and the other cards have not been loaded with access device information.

15. A later review of Wegmans receipt records indicated that the defendants had used gift cards at two other Wegmans Stores in the Rochester area earlier that day. Wegmans records also indicate that shortly prior to the confrontation between Store Manager Kuczynski and defendant ZUYIN ZHOU at the Henrietta Wegmans, the Asian female (defendant JIE LIN) had used two fraudulent gift cards to purchase a total of $429.47 in goods. On March 31, 2010, defendant ZUYIN ZHOU purchased a total of $2,224.95 worth of gift cards at the Wegmans store in Perinton, New York.

16. Given the actions that occurred on April 1, 2010 as well as evidence uncovered since the search warrant shows fraudulent access device transaction did also occur in numerous other states by the occupants of the Subject Vehicle, coupled with the gift card, credit cards and other contents found during the inventory search of the Subject Vehicle, that the occupants did conspire to commit and execute access device fraud. To date, a potential loss amount of $196,000 has been determined. A complete actual dollar loss has yet to be compiled.

17.  Based on the foregoing, I respectfully submit that there is probable cause to believe that JIE LIN, DAI LI ZHUO and ZUYIN ZHOU did knowingly, and with intent to defraud, use unauthorized access devices, aid and abet such use, and conspire to do same, in violation of 18 U.S.C. Sections 1029(a) and (b)(2) and Section 2.

Joel D. Blackerby
SPECIAL AGENT
UNITED STATES SECRET SERVICE

Subscribed and sworn
To before me this
11 Day of May 2010.

HON. JONATHAN W. FELDMAN
U.S. MAGISTRATE JUDGE

9